<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIO VEGA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIA G. CALDERON *et al.*,<br><br>    Defendants. | No. 24cv6905 (EP) (LDW)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Mario Vega is a prisoner confined in East Jersey State Prison ("EJSP") in Rahway, New Jersey. Vega brings Fourteenth Amendment due process and equal protection claims under 42 U.S.C. § 1983 for failure to apply his earned commutation and work credits against Maria G. Calderon, Supervising Classification Officer at EJSP ("Calderon"), and Victoria Kuhn, Commissioner of the New Jersey Department of Corrections ("Kuhn"), (collectively, "Defendants"). D.E. 1 ("Complaint" or "Compl."). Vega seeks compensatory and punitive damages, costs of suit, and any other appropriate relief. *Id.* at 4. For the reasons discussed below, the Court will **DISMISS** the Complaint ***without prejudice*** for failure to state a claim under 28 U.S.C. § 1915A(b)(1). Vega may petition for writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state court remedies.

**I.    BACKGROUND**

    **A.    Factual Background**

In support of his constitutional claims, Vega alleges he was sentenced in June 2006 by a New Jersey Superior Court to an aggregate 30-year term of imprisonment on two separate counts arising from the same incident. *Id.* at 2. On Count II, the state court imposed a 20-year term of

imprisonment with 85% parole ineligibility under New Jersey's "No Early Release Act" ("NERA"), N.J. Stat. Ann. 2C:43-7.2. *Id.* On Count VIII, the state court imposed a 10-year term of imprisonment with a 5-year term of parole ineligibility. *Id.* At sentencing, the state court committed Vega to the New Jersey Department of Corrections ("NJDOC"). *Id.*

At the beginning of his commitment, NJDOC awarded Vega 3,871 commutation credits, also known as good time. *Id.* Vega did not commit any infractions during his incarceration. *Id.* at 3. The commutation credits exceed the 5-year mandatory minimum on his sentence on Count VIII. *Id.*

In addition, as of November 1, 2023, Vega accrued 1,074.66 work credits. *Id.* at 2. Pursuant to N.J. Stat. Ann. 30:4-92, Vega alleges his work credits should have either reduced his sentence or been paid to him in cash at the expiration of the NERA term imposed on Count II. *Id.* at 3-4. Vega wrote to EJSP's Classification Department about application of his commutation and work credits on December 23, 2023. *Id.* at 3. Calderon replied to Vega's inquiry,[1] telling him he was disqualified from earning work credits on Count II because he was serving a NERA sentence. *Id.* Calderon also told Vega his consecutive sentences required him to serve a total mandatory term of 22 years imprisonment. *Id.*

According to Vega, N.J. Stat. Ann. 30:4-140[2] and N.J. Stat. Ann. 30:4-123.51[3] create a due process interest in work credits for his time in custody for related offenses that stem from the same

---

[1] Compl., Ex. A.
[2] "The Parole Act provides, in N.J. Stat. Ann. 30:4-140, for an award of progressive time or commutation credits for continuous orderly behavior in custody and, in N.J.S.A. 30:4-92, for an award of work credits as compensation for an inmate's employment in 'productive occupations' during that period of custody." *State v. Webster*, 892 A.2d 688, 689 (N.J. App. Div. 2006), *aff'd*, 920 A.2d 100 (N.J. 2007).
[3] N.J. Stat. Ann. 30:4-123.51 provides, in relevant part, "[c]onsistent with the provisions of the New Jersey Code of Criminal Justice (N.J.S. 2C:11-3, 2C:14-6, 2C:43-6, 2C:43-7), commutation

2

criminal episode in Counts II and VIII. *Id.* at 3-4. Vega alleges Calderon's refusal to credit his commutation and work credits under New Jersey state law deprived him of a liberty or property interest under the Due Process Clause of the Fourteenth Amendment. *Id.* He further alleges Calderon's conduct violates the Equal Protection Clause of the Fourteenth Amendment. *Id.* Vega seeks to hold Kuhn liable for failing to train Calderon in calculating commutation and work credits. *Id.* at 1-2.

B.     **Procedural Background**

Vega filed this action on June 10, 2024, seeking to proceed *in forma pauperis*. D.E.s 1, 1-2. On June 12, 2024, the Court administratively terminated this matter, subject to reopening, because Vega failed to submit a properly completed application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). D.E. 3. Vega paid the filing fee on July 23, 2024, and the Clerk of Court (the "Clerk") reopened the case, filed the Complaint, and issued summonses. Filing Fee Receipt, Unnumbered D.E. When the Clerk filed the Complaint, it triggered the 90-day period for Vega to serve the summonses and Complaint on Defendants pursuant to Federal Rule of Civil Procedure 4(c). Without IFP status, Vega is not entitled to free service by the United States Marshals Service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

On November 25, 2024, the Clerk issued a Notice of Call for Dismissal. D.E. 5 ("Rule 4(m) Notice"). Pursuant to Federal Rule of Civil Procedure 4(m), the Clerk advised Vega that if he failed to file proof of service on Defendants or show good cause why timely service was not made within 90 days of when the Complaint was filed, this action would be dismissed on December

---

and work credits shall not in any way reduce any judicial or statutory mandatory minimum term and such credits accrued shall only be awarded subsequent to the expiration of the term.

3

31, 2024.[4] *Id.* On November 26, 2024, the Court vacated the Notice of Call for Dismissal because Vega's Complaint against a state employee and state official is subject to screening for *sua sponte* dismissal under § 1915A and the lack of proper service may be mooted by such subsequent screening.

On December 2, 2024, Vega wrote to the Court in response to the Rule 4(m) Notice and explained that after Defendants declined to waive service, he investigated how to hire a process server. D.E. 6. Vega also stated that he previously wrote a letter to the Clerk asking for assistance with service. *Id.* Based on Vega's representations, there would be good cause here to extend time to serve Defendants. However, the service issue is moot because the Court will dismiss the Complaint pursuant to § 1915A.

## II. LEGAL STANDARD

Because this is a "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," § 1915A(b), the Complaint, or any portion thereof, is subject to *sua sponte* dismissal if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1), (2).

The standard for failure to state a claim upon which relief may be granted under § 1915A(b)(1), applicable to claims by prisoners against state officials or employees, is the same as the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

---

[4] Under L. Civ. R. 54.3(a), a complaint is filed when the plaintiff pays the filing fee or is granted leave to proceed IFP. Vega's Complaint was filed when he paid the filing fee on July 23, 2024. The 90-day period for service expired October 22, 2024. *See* Fed. R. Civ. P. 6.

4

plausible on its face." *Kalu v. Spaulding*, 113 F.4th 311, 324-25 (3d Cir. 2024) (cleaned up). "A claim is plausible on its face" if the reviewing court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (cleaned up). The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiff proceeds *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III.   ANALYSIS

Vega asserts Defendants failed to apply his earned commutation and work credits to his 30-year aggregate NERA sentence, subjecting him to imprisonment beyond his sentence expiration. Compl. at 2-3. He alleges this conduct violates his due process and equal protection rights under the Fourteenth Amendment and seeks damages, costs and any other appropriate relief under 42 U.S.C. § 1983. *Id.* at 3-4. The Court disagrees and will **DISMISS** the Complaint ***without prejudice*** for failure to state a cognizable § 1983 claim.

Section 1983 provides a remedy for persons deprived of a federal constitutional or statutory right by a state actor. *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Equal Protection Clause of the Fourteenth Amendment prohibits state actors from denying "any person within its jurisdiction" the equal protection of the laws. U.S. Const. amend. XIV.

"Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive." *Marrara v. Murphy*, No. 23-1379, 2023 WL 4399215, at *2 (3d Cir. July 7, 2023) (quoting *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002)), *cert. denied*, 144 S. Ct. 1369 (2024). "[I]f a judgment in favor of the plaintiff would 'necessarily imply the invalidity of his conviction or sentence' it is not appropriately brought under § 1983." *Leamer*, 288 F.3d at 541 (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). A claim that New Jersey authorities failed to apply commutation time credit to a state prisoner's sentence must be brought in a habeas petition under 28 U.S.C. § 2254. *See Brown v. Governor of New Jersey*, 432 F. App'x 45, 46 (3d Cir. 2011) (per curiam); *Baker v. Royce*, No. 22-1234, 2022 WL 11804025, at *4 (D.N.J. Oct. 20, 2022) (holding state prisoner's challenges to award of credits and calculation of his sentence plainly affect the duration of his confinement and must be brought in a habeas petition, regardless of the relief sought); *accord*, *Lawton v. Ortiz*, No. 06-1167, 2006 WL 2689508, at *5 (D.N.J. Sept. 19, 2006) (holding claim that the defendants refused to apply commutation and work credits to reduce time in prison must be brought in a habeas petition).

Success on Vega's claims would result in a determination that, upon immediate application of his commutation and work credits, he served the mandatory minimum terms of imprisonment on Counts II and VIII, and that he is entitled to release and payment for his work credits. Such a finding would necessarily imply the invalidity of Vega's present confinement. Therefore, pursuant to *Leamer* and its progeny, Vega's constitutional claims are not cognizable under 42 U.S.C. § 1983.[5]

---

[5] Even if the Court construed Vega's Complaint as a petition for writ of habeas corpus under § 2254, it would still be subject to dismissal for failure to exhaust state court remedies. Section 2254(b)(1)(a) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State[.]" It does not appear

6

Vega may assert his claims in a § 2254 habeas petition after exhausting his state court remedies. *See Wilson v. Lanigan*, No. 14-3746, 2016 WL 1162381, at *4 (D.N.J. Mar. 24, 2016) (dismissing § 1983 claim where plaintiff sought monetary damages that arose of out habeas claims to have commutation and work credits applied to his sentence).

IV.   **CONCLUSION**

Vega's Fourteenth Amendment due process and equal protection claims challenging NJDOC's failure to apply commutation and work credits must be brought in a petition for writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state court remedies. Thus, his claims are not cognizable under 42 U.S.C. § 1983. The Court will **DISMISS** the Complaint ***without prejudice*** for failure to state a claim for relief under 28 U.S.C. § 1915A(b)(1). An appropriate Order accompanies this Opinion.

Dated:  December 23, 2024

_____
Evelyn Padin, U.S.D.J.

---

that Vega has challenged NJDOC's failure to apply his commutation credits and work credits against his sentences in the state courts.